UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TOMMY J. HOLBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:11-CV-491 |
| ) | (PHILLIPS/GUYTON) |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's Motion For Judgment On The Pleadings [Doc. 12], and the defendant's Motion For Summary Judgment. [Doc. 14]. Plaintiff Tommy J. Holbert ("Holbert") seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

**I.  BACKGROUND**

Holbert was 44 years of age when the ALJ issued the Decision in June, 2011. (Tr. 19, 29). Holbert has a limited education, attending special education classes in school, only through the eighth grade. (Tr. 30). He is illiterate. (Tr. 30). He has work experience as a housekeeper in the motel business. (Tr. 31, 139). Holbert has never had a driver's license. (Tr. 30).

The Court has considered the medical evidence in the record, the testimony at the hearing, and all other evidence in the record. The medical history of the Plaintiff and the content of the ALJ's Decision have been set forth in the memoranda of the parties, [Doc. 13; Doc. 15], are not in dispute, and need not be repeated here.

**II.     DISABILITY ELIGIBILITY**

To qualify for SSI benefits, plaintiff must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. § 1382(a); 20 C.F.R. § 416.202. An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. See 42 U.S.C. § 1382(a).

"Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual shall be determined to be under a disability only if the person's physical or mental impairment or impairments are of such severity that the person is not only unable to do the person's previous work but cannot, considering age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which the person lives, or whether a specific job vacancy exists for the person, or whether the person would be hired if the person applied for work. 42 U.S.C. § 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiff bears the burden of proof at the first four steps. Walters, 127 F.3d at 529. The burden shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

### III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and the ALJ's findings are

3

supported by substantial evidence in the record, the decision is conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007) (quotation omitted); see also Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Walters, 127 F.3d at 528.

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). The Court may, however, decline to reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless.

4

Case 3:11-cv-00491-TWP-HBG   Document 16   Filed 08/31/12   Page 4 of 8   PageID #: 70

An ALJ's violation of the Social Security Administration's procedural rules is harmless and will not result in reversible error "absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses." Wilson, 378 F.3d at 546-47. Thus, an ALJ's procedural error is harmless if the ultimate decision was supported by substantial evidence *and* the error did not deprive the claimant of an important benefit or safeguard. See id. at 547.

On review, Plaintiff bears the burden of proving entitlement to benefits. Boyes v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

### IV.  POSITIONS OF THE PARTIES

Holbert alleges that he has been disabled and unable to work since June 1, 2008.[1] (Tr. 153). He states that heart problems and chest pains are too severe for him to be able to work, and also that he is illiterate and deaf in the left ear. He also claims depression. (Tr. 31-32, 152). Holbert testified that he lives with his girlfriend and that he helps her clean. (Tr. 35). He mows the yard. (Tr. 36). Holbert testified that he can be on his feet for six hours of an eight hour workday, and also that he could sit for six hours of an eight hour workday. He said he can lift up to 50 pounds during a normal workday. (Tr. 34). He complains of "hearing voices", and that mental health workers have given him medication. (Tr. 36).

---

[1]Also in the record, his date of disability (and last date worked) is cited as December 1, 2006. (Tr. 29).

The ALJ found a residual functional capacity (RFC) to perform a full range of work at all exertional levels but with the following non-exertional limitations: he cannot perform work that requires acute binaural hearing; he can only perform and maintain concentration for simple, routine, repetitive tasks; he is only able to adapt to gradual and infrequent changes in the work setting; and he cannot perform work that requires literacy. (Tr. 15).

The independent vocational expert who testified at the hearing, Ms. Sanders, testified that given a hypothetical which matches Holbert's RFC and his age and education, there would be jobs he could perform, for example, dishwasher or laundry worker, in the Tennessee and national economy. The vocational expert also testified that Holbert would not be precluded from performing his past relevant work as a motel cleaner. (Tr. 41-43).

The Commissioner asserts that substantial evidence supports the RFC found by the ALJ, and the ALJ's conclusion of not disabled.

## V.   ANALYSIS

The Plaintiff argues that the RFC is not supported by substantial evidence because "the ALJ did not address Mr. Holbert's IQ scores and whether Listing 12.05C applied in this case." Specifically, Holbert states that he had valid IQ scores between 60 and 70, plus an additional "mental impairment" of depressive disorder and illiteracy, thereby placing him within the parameters of a finding of mental retardation.

The Court agrees with the Plaintiff that the ALJ did not address Listing 12.05C. The Court, however, agrees with the Commissioner that the IQ score Holbert relies upon for his argument was

6

no longer current, or "valid", and also that it conflicted with IQ scores on a later test. Plaintiff relies on an IQ test score of 62, measured in 1982, when Holbert was age fifteen. (Tr. 225, 228). IQ test scores above 40 obtained between the ages of seven and sixteen are considered "current" only for two years. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.00 D10. The ALJ therefore, committed no error by not addressing the score in the Decision. And for this reason the Plaintiff's reliance on Isham v. Astrue, No. 3:08-CV-423, 2010 WL 1957362 (E.D. Tenn., Jan. 13, 2010) is misplaced. Moreover, later IQ testing showed Holbert's scores to be over 70, the borderline intellectual functioning range. (Tr. 226).

The ALJ also relied on the 2010 opinion of Charlton Stanley, PhD, ("Dr. Stanley") consultative examiner. Stanley concluded that Holbert functioned within the low-average to possibly the borderline intellectual functioning range. (Tr. 16, 288). This report stated: "The claimant appears to be fully capable of understanding simple information or directions with the ability to put it to full use in a vocational setting." (Tr. 290). The ALJ gave great weight to Dr. Stanley's report. Moreover, the Court agrees with the Commissioner that Dr. Stanley's report supports a finding that Holbert, whose overall cognitive ability was in the low-average range, did not meet the diagnostic description for mental retardation in Listing 12.05C.

The Court finds that substantial evidence in the record as a whole supports the ALJ's assessment of Holbert's RFC. The ALJ's discussion of the evidence, including his discussion of Dr. Stanley's findings and observations, provides substantial evidence to support the ALJ's Decision. The Plaintiff's claim of error is not well taken.

7

Case 3:11-cv-00491-TWP-HBG   Document 16   Filed 08/31/12   Page 7 of 8   PageID #: 73

It is **RECOMMENDED** that the Plaintiff's Motion For Judgment On The Pleadings [Doc. 12] be **DENIED** and that the Defendant's Motion For Summary Judgment [Doc. 14] be **GRANTED**.[2]

Respectfully submitted,

   s/ H. Bruce Guyton   
United States Magistrate Judge

---

[2]Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).